CARAWAY, J.,
dissenting.
hi respectfully dissent.
From my review of the video of .the accident, the child’s last pull of the belts completely pulled the rack entirely over on her. This then is the risk which the majority now holds must be guarded against in the design for all belt and other similar racks.
First, the majority opinion starts on the wrong foot, omitting the proper measure in tort for this claim. This is not a case of negligently misplaced and falling merchandise caused by the defendant’s action or inaction. This is a case of an alleged defective belt rack, a thing in the custody of the defendant which it knew or should have known was defective, posing an unreasonable risk of harm. La. C.C. art. 2317.1.
The issue of the design of the rack was addressed by the defendant’s expert. The plaintiffs produced no expert testimony to the contrary in this summary judgment setting. The expert testified that the rack was safe and stable as a free-standing structure. Its common design met engineering standards and could accommodate safely the expected use of the rack by customers. Short of being bolted to the floor, the rack always could pose a risk of harm if toppled'over by some force. In determining the unreasonableness of that risk, the court must consider the broad range of social, economic and moral factors and the utility of plaintiff’s conduct at the time of the accident. Dowdy v. City of Monroe, 46,693 (La.App.2d Cir.11/2/11), 78 So.3d 791, citing Graves v. Page, 96-2201 (La.11/7/97), 703 So.2d 566. In the defendant’s expert’s opinion, within the range of | {.reasonable and expected use of this rack, this rack was safely designed and posed no unreasonable risk of harm.
The plaintiffs’ opposition to the motion for summary judgment was to change the subject from the reasonable design of the rack for expected use to speculation about added safety measures that might make the rack even safer. Certainly, as suggested above, the rack might be bolted to the floor. That would change both the owner’s utility of the rack for use in the store and the economic' equation, but the rack might be made completely safe from toppling. The plaintiffs’ choice for misdirecting the inquiry was to seize upon the possibility of binding multiple racks together. Aceépting this, the majority now holds that the rack was not made safe enough, or virtually child-proof, because this free-standing rack could have been tied to other racks and never toppled by a child.
In my view, a nondefective thing in one’s custody does not become defective by speculation about how many more safety measures might be added. This freestanding rack is designed safely to accommodate expected use according to the expert testimony before us. Plaintiffs did not contest that directly. Must each such belt rack in Louisiana stores be further secured to raise the level of safety under this newfound measure for risk/utility? • I say no and, as a matter of law on the undisputed facts, would affirm the grant of summary judgment. ' •